MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695

Attorney for Creditor
Philip DiGirolamo

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

oOo

IN RE

PAUL M. PIERCE and ROSALIE ANN PIERCE,

            Debtor(s).

_____/

BK-N- 10-50420
CHAPTER 7
Hearing Date: 5-26-10
and Time: 10:00
Mtn No. _____
Est Time: 5 Minutes

MOTION TO ABANDON PROPERTY OF THE ESTATE

COMES NOW, Creditor, Philip DiGirolamo, by and through his attorney, Michael Lehners, Esq., and files the following motion to abandon property of the estate pursuant to 11 U.S.C. §554. This motion is made and based upon the pleadings on file herein and the Memorandum of Points and Authorities attached hereto.

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a sad case. It deals with a mentally ill individual, and the family which took advantage of him. It is sad because Philip DiGirolamo was forced to sue his family. It is sad because Rosalie Pierce engaged in unconscionable conduct which cost Phillip his inheritance.

Philip DiGirolamo is a dependent adult, as that term is defined by the California Welfare & Institutions Code §15610.23. He is also a disabled person as that term is defined by the California Civil Code Section 1761(g).

1

Angelo DiGirolamo was the trustee of the Joseph Salmeri Trust. Rosalie Pierce was an independent fiduciary of Philip DiGirolamo under California law. This relationship arose out of her parent-child relationship of trust and confidence with Phillip, her position as an agent of the Trustee, Angelo DiGirolamo, and her admitted role in holding and distributing the assets of The Trust for the benefit of Phillip.

Ms. Pierce breached her fiduciary duties owed to Phillip by her failure to distribute assets of The Trust to which he was entitled to receive, by her financial abuse of a dependent adult, as that term is defined by the California Welfare & Institutions Code, and by actual fraud.

Specifically, Ms. Pierce breached her fiduciary duties owed to Phillip by purchasing real property for her own benefit with money belonging to The Trust. As a direct and proximate result of Rosalie Pierce's breach of fiduciary duties, defalcation and fraud, the Superior Court of California awarded judgment against Rosalie Pierce in the amount of $654,048.78 on October 5, 2009. This judgment was exemplified and recorded in the Lyon County Recorder's Office on January 21, 2010 as Document No. 453630. A true and correct copy of this recorded judgment has been attached hereto as Exhibit "1".

On December 28, 2009 the Superior Court of California amended the Judgment. A true and correct copy of the Amended Judgment has been attached hereto as Exhibit "2". The only difference is that the latter judgment alters the constructive trust language with respect to the Debtors' home in Fernley.

The October 5, 2009 Judgment provided:

"In light of the fact that defendant Rosalie Pierce purchased three houses in Fernley, Nevada with money belonging to the Trust, Rosalie Pierce holds title to these three properties as constructive trustee of plaintiff Philip DiGirolamo.

Id at Page 2, Lines 15-17.

The December 28, 2009 Judgment contains the following language.

2

"Nevertheless, because defendant Rosalie Pierce and her husband, Paul Pierce, used some Trust money to purchase, as joint tenants, three houses located at 975 Aster Lane, 1408 Red Bluffs Way and 1565 Reese River, in Fernley, Nevada, Rosalie Pierce and her husband, Paul Pierce, hold title to these three properties as constructive trustee of plaintiff Philip DiGirolamo, subject to Paul Pierces community property interest, if any, in these three properties."

Id at Page 2, Lines 24-28.

The California Court made additional findings which are of note in this case:

1.      The Court finds that plaintiff Philip DiGirolamo is a dependent adult, as that term is defined by Welfare & Institutions Code § 15610.23, and that plaintiff is therefore entitled to the rights afforded to him by the Elder Abuse and Dependent Adult Civil Protection Act ("EADACPA"), Welfare & Institutions Code § 15600, et seq., including § 15610.30 and § 15657.5. The Court further finds that plaintiff is a disabled person, as that term is defined by Civil Code Section 1761(g). *December 28, 2009 Judgment*, Page 2, Lines 3-8

2.      Rosalie Pierce was the agent of Angelo DiGirolamo under Probate Code § 16401(b). Angelo DiGirolamo is jointly and severally liable for the breaches and tortious acts of Rosalie Pierce due to his actions in directing the agent's performance in refinancing the Monterey property and disbursing proceeds of the Trust; his delegation of fiduciary duties; his failure to exercise prudence in selecting an agent; his failure to review the agent's performance; and his failure to take reasonable steps to compel the agent to carry out the terms of the Trust as they relate to Philip DiGirolamo, a Trust beneficiary. *December 28, 2009 Judgment*, Page 2, Lines 10-16.

3.      The Court finds that Rosalie Pierce is also an independent fiduciary of the Philip DiGirolamo due to her parent-child relationship of trust and confidence with the plaintiff; her position as an agent of the trustee; and her admitted role in holding and distributing the assets of the Trust for Philip's benefit. *December 28, 2009 Judgment*, Page 2, Lines 17-20.

**Law**

3

11 U.S.C. §554(b) provides as follows:

On request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.

In the case at bar, the Debtors have scheduled the real property located at 975 Aster Lane, Fernley Nevada as their residence. It is valued at $130,000.00. There is a mortgage for $46,009.69. They have claimed the equity in this property exempt under Schedule "C".

The Debtors have also scheduled real property located at 1408 Red Bluff Way, Fernley, Nevada. There is no equity in this property. This motion concerns only the Aster Lane property.

The third property mentioned in the Judgment has been foreclosed upon, and is no longer property of the Debtors.

The California Superior Court order makes it clear that neither the Aster Lane nor the Red Bluff Way property are vested in the Debtors. 11 U.S.C. §541(d) states:

"Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a)(1) or (2) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold."

Here, the Debtors hold the Aster Lane and Red Bluff Way property in trust on behalf of Philip DiGirolamo. This means Mr. DiGirolamo has the right to proceed in state court to obtain possession of this property. However, the state court will not recognize his efforts to take possession of this property without an order from this Court. See In re Gruntz, 202 F.3d 1074 (9th Cir. 2000) holding state courts cannot strip federal courts of jurisdiction on core issues.

4

Impact on the debtor is not one of the factors to be considered in authorizing abandonment. In re Johnston, 49 F.3d 538, (9th Cir. 1995). In that case, the Trustee wanted to abandon real property which was going to be foreclosed upon. The foreclosure would create a two million dollar tax gain for the debtor if it were abandoned. The debtor objected to abandonment. The Court held that any impact upon the debtor is not to be considered in a motion to abandon. Id at 539.

In the case at bar, the focus must be on the estate's interest in the property itself. With respect to the Red Bluff property, there is no equity according to the Debtors' schedules. Therefore, the Trustee cannot administer it for the benefit of unsecured creditors.

With respect to the Aster Lane property, Mr. DiGirolamo is the beneficiary of a constructive trust. Because the California judgment was recorded in Lyon County prior to the filing of this bankruptcy, it placed the Trustee on constructive notice of Phillip DiGirolamo's interest in the property. Therefore, the Trustee has no right to avoid Mr. DiGirolamo's interest in the property.

While federal law governs the right of a trustee to avoid interests in property as a hypothetical bonafide purchaser, state law controls whether the trustee's status as a bona fide purchaser defeats the rights of the person against whom the trustee seeks to assert his powers. Deuel v. Taxel 594 F.3d 1073 (9th Cir. 2010); In re Professional Inv. Properties of America, 955 F.2d 623, (9th Cir. 1992).

In Nevada, to claim BFP status, a purchaser must show, inter alia, that the conveyance of legal title was made without notice of outstanding equities. Hewitt v. Glaser Land & Livestock Co., 626 P.2d 268, 97 Nev. 207, (Nev. 1981), citing Brophy M. Co. v. B. & D. M. Co., 15 Nev. 101 (1880).

In the case at bar, the California judgment was recorded in Lyon County on January 21, 2010. The instant bankruptcy was filed on February 12, 2010. Mr. DiGirolamo's constructive trust was of public record at that time. This judgment

specifically states that Rosalie Pierce holds three properties in Fernley, Nevada in trust. This is sufficient to generate inquiry notice.

In conclusion, Ms. Pierce has stolen her son's inheritance and placed the money in these Fernley properties. Mr. DiGirolamo has the right to take possession of them as the beneficiary of this constructive trust. Because the judgment was recorded prior to the filing of the bankruptcy, the Trustee cannot avoid this interest under 11 U.S.C. §544(a). The property is of no benefit to the estate and it should be abandoned so Mr. DiGirolamo can take possession of it.

Dated: This ___19___ day of __March___, 2010

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

6

# Exhibit  1

# Exhibit  1

APN#_____022-152-04_____

DOC #0453630
01/21/2010        04:53 PM
Official Record
Requested By
BRUCE BLAKELY ESQ
Lyon County - NV
Mary C. Milligan - Recorder
Page 1    of 10    Fee: $23.00
Recorded By: CDL    RPTT:

0453630

**Recording Requested by:**

Name: Bruce W. Blakely, ESQ.

Address: 3591 Redwood Hwy, Ste. 2275

City/State/Zip: Mill Valley, CA 94941

**Mail Tax Statements to:**

Name: Legal Owner

Address: _____

City/State/Zip: _____

Foreign Judgement and Notice
**Title of Document**
(Required Field)

**FILL IN ALL THAT APPLY:**

**The Undersigned Hereby Affirms That This Document Submitted For Recording Contains Personal Information As Required By Law\*:**

Specify Law\*                        Signature

Specify Law\*                        Print Name                Title

\*If there is no applicable State or Federal Law, Personal Information must be removed prior to recording.

**If this document is a re-record or correction, fill out below:**

Correcting Document#: _____    Amending:_____

Reason for re-record: _____

(For Re-records, all pages from original document must be included, $25 Non-conforming Fee Applies)

**If legal description is in metes & bounds, indicate where it was obtained:**

_____( Document Title), Book ____ Page _____ or

Document #_____ recorded _____(date) in the

Lyon County Recorder's Office.

**-OR-**

If prepared by a surveyor,  provide name and address:

_____

_____

"Personal information" means a natural person's first name or first initial and last name in combination with any one or more of the following data elements:

1. Social security number.
2. Driver's license number or identification card number.
3. Account number, credit card number or debit card number, in combination with any required security code, access code or password .

This page added to provide additional information required by NRS 111.312 Sections 1-4.
($1.00 Additional Recording Fee Applies)

CASE NO.  :  10 OC 0000518
DEPT NO.  :  II

REC'D & FILED

2010 JAN 11 PM 3 18

ALAN GLOVER

BY _____ CLERK
DEPUTY

IN THE FIRST JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR CARSON CITY

* * *

PHILIP DiGIROLAMO,                              )
                                                )
            Plaintiff,                          )
                                                )        NOTICE OF FILING OF FOREIGN
vs.                                             )               JUDGMENT
                                                )
ROSALIE A. PIERCE, PAUL PIERCE,                 )
ANGELO CHRISTOPHER DiGIROLAMO,                  )
INDIVIDUALLY AND IN HIS CAPACITY AS             )
TRUSTEE OF THE JOSEPH SALMERI                   )
TRUST, and DOES 1-20,                           )
                                                )
            Defendants.                         )
_____/

Please take notice that on the 11th, day of January, 2010, an Exemplified copy of Judgment for Plaintiff Following Court Trial, case number RG08407865 filed October 5, 2009 in the Superior Court of California, County of Alameda, Unlimited Jurisdiction; entitled: PHILIP DiGIROLAMO, Plaintiff v. ROSALIE A. PIERCE, PAUL PIERCE, ANGELO CHRISTOPHER DiGIROLAMO individually and in his capacity as trustee of the JOSEPH SALMERI Trust, and Does 1-20, Defendants, was filed in the above entitled Court, along with an Affidavit of Plaintiff in Support of Enforcement of Judgment.

Dated this 11th day of January, 2010.

GEOFFREY ROULLARD
STATE BAR NO. 000388
321 NORTH WALSH STREET
CARSON CITY, NV 898701
(775) 883-1005
NEVADA ATTORNEY FOR
PHILIP DiGIROLAMO

Geoffrey Roullard
321 N. Walsh St,
Carson City NV 89701
775-883-1005

-1-

## CERTIFICATE OF MAILING

Pursuant to NRCP 5(b), I hereby certify that I am an employee of GEOFFREY ROULLARD, ESQ., over 18 years of age, and not a party to, nor interested in, the within action; that on this date, I caused to be mailed a true and correct copy of the Notice of Filing of Foreign Judgment, Affidavit of Philip DiGirolamo in Support of Enforcement of Judgment and the Exemplified Foreign Judgment, enclosed in a sealed envelope upon which certified mail, return receipt was fully paid, addressed as follows:

John R. Coniglio, Esq.
Law Office of John R. Coniglio
490 Calle Principal
Monterey, CA 93940

Rosalie Pierce
975 Aster Lane
Fernley, NV 89408

Angelo DiGirolamo
35 Hawthorne Street
Salinas, CA 93901

Executed on this 11th day of January, 2010.

KRISTA L. HEALD

Geoffrey Roullard
321 N. Walsh St.
Carson City NV 89701
775-883-1005

-2-

# CERTIFICATE OF EXEMPLIFICATION

STATE OF CALIFORNIA,}
COUNTY OF ALAMEDA}  SS

### CLERK'S CERTIFICATE OF ATTESTATION

I, PAT S. SWEETEN, Executive Officer and Clerk of the Superior Court of the State of California in and for the County of Alameda, do hereby certify the annexed copy of the **JUDGMENT FOR PLAINTIFF FOLLOWING COURT TRIAL (FILED ON 10/5/09)** to be a correct copy of the original thereof, now remaining in and forming a part of the records of the office of said Clerk.

In witness whereof I have hereunto set my hand and affixed the seal of said Superior Court, at Oakland, in the County of Alameda, State of California, NOV 1 6 2009 _____ 2009.

Executive Officer and Clerk of the Superior Court of
The State of California in and for the County of Alameda.

STATE OF CALIFORNIA,}
COUNTY OF ALAMEDA}  SS

### CERTIFICATE OF JUDGE

I, YOLANDA NORTHRIDGE, Presiding Judge of the Superior Court of the State of California in and for the County of Alameda, do hereby certify that **PAT S. SWEETEN**, who signed the foregoing Certificate of Attestation, now is and was at the time of the signing and sealing of the said Certificate, the duly appointed Executive Officer and Clerk of Court of the State of California in and for the County of Alameda; that she was the legal keeper of the records and seal of said Superior Court; that her signature, as it appears signed to the said Certificate of Attestation, is her genuine signature; that the seal affixed to said certificate of Attestation is the seal of said Superior Court, and that the attestation is in due form of law and by the proper officer.

In witness whereof I have hereunto set my hand and caused the seal of said Superior Court to be affixed at Oakland, in the County of Alameda, State of California, NOV 1 6 2009 _____ 2009.

Presiding Judge of the Superior Court of the State of
California in and for the County of Alameda.

STATE OF CALIFORNIA,}
COUNTY OF ALAMEDA}  SS

### CERTIFICATE OF CLERK

I, PAT S. SWEETEN, Executive Officer and Clerk of the Superior Court of the State of California in and for the County of Alameda, do hereby certify that **YOLANDA NORTHRIDGE**, who signed the foregoing Certificate, now is, and was at the time of the signing and sealing of the said Certificate, Presiding Judge of the Superior Court of the State of California in and for the County of Alameda, duly commissioned and qualified; that said Superior Court is a court of record of the State of California and has a seal; that the seal affixed to the foregoing certificate is the seal of said Superior Court and that the signature of said Judge, as it appears signed to the said certificate, is her genuine signature.

In witness whereof I have hereunto set my hand and affixed the seal of said Superior Court, at Oakland, in the County of Alameda, State of California, NOV 1 6 2009 _____ 2009.

Executive Officer and Clerk of the Superior Court of
The State of California in and for the County of Alameda.

202-82 (Rev 6/96)

SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

UNLIMITED JURISDICTION

PHILIP DiGIROLAMO,

Plaintiff,

vs.

ROSALIE A. PIERCE, PAUL PIERCE,
ANGELO CHRISTOPHER DiGIROLAMO,
INDIVIDUALLY AND IN HIS CAPACITY
AS TRUSTEE OF THE JOSEPH SALMERI
TRUST, and DOES 1-20,

Defendants.

CASE NO. RG08407865

**JUDGMENT FOR PLAINTIFF
FOLLOWING COURT TRIAL**

F I L E D
ALAMEDA COUNTY

OCT - 5 2009

CLERK OF THE SUPERIOR COURT
By_____
                                    Deputy

The case of Philip DiGirolamo v. Rosalie A. Pierce, Paul Pierce, and Angelo Christopher DiGirolamo, individually and in his capacity as Trustee of the Joseph Salmeri Trust, Case Number RG 08407865, came on regularly for trial in Dept. 607 of the Alameda County Superior Court, the Honorable George C. Hernandez, Jr., Judge, presiding, commencing on Friday, September 4, 2009. The Court, having considered the documentary and testamentary evidence presented, the arguments and briefs of counsel and the law, and good cause appearing therefor, issues this Judgment in favor of plaintiff, Philip DiGirolamo, and against defendants Rosalie A. Pierce and Angelo Christopher DiGirolamo, individually and in his capacity as Trustee of the Joseph Salmeri Trust and each of them.

The Court finds that plaintiff Philip DiGirolamo is a dependent adult, as that term is defined by Welfare & Institutions Code § 15610.23, and that plaintiff is therefore entitled to the rights afforded to him by the Elder Abuse and Dependent Adult Civil Protection Act ("EADACPA"), Welfare & Institutions Code § 15600, et seq., including § 15610.30 and § 15657.5. The Court further finds that plaintiff is a disabled person, as that term is defined by Civil Code Section 1761(g).

JUDGMENT FOR PLAINTIFF FOLLOWING COURT TRIAL

1

1   The Court finds that Angelo DiGirolamo was and is the trustee of the Joseph Salmeri

2 Trust (the "Trust"). Rosalie Pierce was the agent of Angelo DiGirolamo under Probate Code §

3 16401(b). Angelo DiGirolamo is jointly and severally liable for the breaches and tortious acts of

4 Rosalie Pierce due to his actions in directing the agent's performance in refinancing the

5 Monterey property and disbursing proceeds of the Trust; his delegation of fiduciary duties; his

6 failure to exercise prudence in selecting an agent; his failure to review the agent's performance;

7 and his failure to take reasonable steps to compel the agent to carry out the terms of the Trust as

8 they relate to Philip DiGirolamo, a Trust beneficiary.

9   The Court finds that Rosalie Pierce is also an independent fiduciary of the Philip

10 DiGirolamo due to her parent-child relationship of trust and confidence with the plaintiff; her

11 position as an agent of the trustee; and her admitted role in holding and distributing the assets of

12 the Trust for Philip's benefit.

13   The Court does not find that defendant Paul Pierce was a co-conspirator of Rosalie Pierce

14 and Angelo DiGirolamo.

15   In light of the fact that defendant Rosalie Pierce purchased three houses in Fernley,

16 Nevada with money belonging to the Trust, Rosalie Pierce holds title to these three properties as

17 constructive trustee of plaintiff Philip DiGirolamo.

18   The Court does not find by a preponderance of the evidence, that Joseph Salmeri had

19 more than $182,110 in his bank accounts at the time of his death.

20   The Court finds that Angelo DiGirolamo and Rosalie Pierce and each of them, jointly and

21 severally, are liable to plaintiff Philip DiGirolamo for breach of fiduciary duty, failure to

22 distribute trust assets owing to plaintiff, financial abuse of a dependent adult and actual fraud.

23   Defendants Angelo DiGirolamo and Rosalie Pierce are each liable to plaintiff Philip

24 DiGirolamo in the following amounts:

25   (1)  For breach of fiduciary duty in the principal sum of $327,024.39 in economic

26 losses, such sum to be doubled under Probate Code § 859 due to defendants' actions in

27 wrongfully taking, concealing, and/or disposing of property belonging to a beneficiary of a trust,

28 for a total judgment in the amount of $654,048.78 on that claim;

**JUDGMENT FOR PLAINTIFF FOLLOWING COURT TRIAL**

2

1      (2)     For failure to distribute trust assets owing to Philip DiGirolamo in the principal

2 sum of $327,024.39 such sum to be doubled under Probate Code § 859 for a total judgment in

3 the amount of $654,048.78 on that claim;

4      (3)     For financial abuse of a dependent adult, as defined by Welfare & Institutions

5 Code § 15610.30, in the amount of $327,024.39 in economic losses.  The Court does not find by

6 clear and convincing evidence that defendants, and each of them, have engaged in recklessness,

7 oppression, fraud and malice in committing financial abuse under Welfare & Institutions Code §

8 15657.5(b).

9      (4)     For constructive fraud in the principal sum of $327,024.39, such sum to be

10 doubled under Probate Code § 859, for a total judgment in the amount of $654,048.78 on that

11 claim; and

12      (5)     For actual fraud, including intentional fraud, concealment of material facts, and

13 false promise, due to defendants' actions in advising plaintiff that he would only be paid his

14 inheritance if he executed a deed transferring title to the Monterey property to Rosalie Pierce, in

15 falsely advising and promising plaintiff that he would be paid his inheritance upon sale of the

16 Terry Street property, and in falsely advising plaintiff that he would lose his Social Security

17 benefits if he received an inheritance, among other false representations and promises; and due to

18 defendants' actions in fraudulently concealing facts defendants were obligated to disclose, all of

19 which representations and concealments upon which plaintiff reasonably and justifiably relied,

20 for a judgment in the principal sum of $327,024.39.

21      The Court does not find by clear and convincing evidence that defendants have engaged

22 in oppression, fraud and malice, as defined in Civil Code § 3294(c).  Plaintiff is therefore not

23 entitled to recover punitive damages.

24      Probate Code Section 15657.5(a) provides that the Court shall award to plaintiff

25 attorney's fees in any case in which the Court determines that a defendant is liable for financial

26 abuse under Welfare & Institutions Code § 15610.30.  In light of defendants' financial abuse of

27 the plaintiff, Philip DiGirolamo is entitled to recover his attorney's fees by post-trial motion.

28

**JUDGMENT FOR PLAINTIFF FOLLOWING COURT TRIAL**

3

1    The Court expressly finds that the judgment herein against defendants Angelo

2 DiGirolamo and Rosalie Pierce, and each of them, is for fraud and defalcation of fiduciary

3 duties.

4    Let judgment be entered in favor of plaintiff Philip DiGirolamo, and against defendants

5 Rosalie A. Pierce,  and Angelo Christopher DiGirolamo, jointly and severally, in the sum of

6 $654,048.78; and plaintiff shall recover attorney's fees in an amount to be determined by post-

7 trial motion.

8    Plaintiff shall set his motion for recovery of attorney's fees on the Court's Law and

9 Motion Calendar.

10   IT IS SO ORDERED.

11

12

13 Dated: _10/5/09_

14                                George C. Hernandez, Jr.

15                                Judge of the Superior Court

16

17

18

19

20

21

22

23

24

25

26

27

28

JUDGMENT FOR PLAINTIFF FOLLOWING COURT TRIAL

4

## CLERK'S DECLARATION OF MAILING

I certify that I am not a party to this cause and that on the date stated below I caused a true copy of the foregoing JUDGMENT to be mailed first class, postage pre paid, in a sealed envelope to the persons hereto, addressed as follows:

Bruce W. Blakely
FLAXMAN & BLAKELY
Shelterpoint Business Center
591 Redwood Highway, Suite 2275
Mill Valley, CA 94941

John R. Coniglio
Law Offices of John R. Coniglio
490 Calle Principal
Monterey, CA 93940

I declare under penalty of perjury that the same is true and correct.
Executed on October 6, 2009.

By: _____
    Yolanda Estrada, Deputy Clerk
    Department 607

**CERTIFIED COPY**

The document to which this certificate is attached is a full, true
and correct copy of the original on file and of record in my office.

Date: _____

Alan Glover, City Clerk and Clerk of the First Judicial District
Court of the State of Nevada, in and for Carson City.

By _____ Deputy

Per NRS 239 Sec. 6 the SSN may be redacted, but in no way
affects the legality of the document.

IN RE PIERCE, PAUL M. & PIERCE, ROSALIE ANN _____   Case No. _____
_____
 Debtor(s)                                                          (If known)

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **SINGLE FAMILY RESIDENCE AT 975 ASTER LANE, FERNLEY, NV** | Fee Simple | J | 130,000.00 | 46,009.69 |
| **SINGLE FAMILY RESIDENCE LOCATED AT 1408 RED BLUFF WAY, FERNLEY, NV** | Fee Simple | C | 150,000.00 | 193,951.32 |
| | | TOTAL | 280,000.00 | |

(Report also on Summary of Schedules)

© 1993-2010 EZ-Filing, Inc. [1-800-998-2424] - Forms Software Only

# Exhibit  2

# Exhibit  2

1  BRUCE W. BLAKELY [SBN 106832]
2  FLAXMAN & BLAKELY
   Shelterpoint Business Center
3  591 Redwood Highway, Suite 2275
   Mill Valley, CA 94941
4  Telephone:    (415) 381-6650
5  Facsimile:    (415) 381-4301

6  Attorney for Plaintiff
7  Philip DiGirolamo

ENDORSED
FILED
ALAMEDA COUNTY

DEC 2 8 2009

CLERK OF THE SUPERIOR COURT
By _____ Deputy

8              SUPERIOR COURT OF CALIFORNIA

9                  COUNTY OF ALAMEDA

10               UNLIMITED JURISDICTION

11

12  PHILIP DiGIROLAMO,                    ) CASE NO. RG08407865
                                          )
13              Plaintiff,                ) **AMENDED JUDGMENT FOR**
                                          ) **PLAINTIFF FOLLOWING COURT**
14       vs.                              ) **TRIAL**
                                          )
15  ROSALIE A. PIERCE, PAUL PIERCE,       )
    ANGELO CHRISTOPHER DiGIROLAMO,        )
16  INDIVIDUALLY AND IN HIS CAPACITY      )
    AS TRUSTEE OF THE JOSEPH SALMERI      )
17  TRUST, and DOES 1-20,                 )
                                          )
18              Defendants.               )
                                          )
19  _____  )

20

21       The case of Philip DiGirolamo v. Rosalie A. Pierce, Paul Pierce, and Angelo Christopher

22  DiGirolamo, individually and in his capacity as Trustee of the Joseph Salmeri Trust, Case

23  Number RG 08407865, came on regularly for trial in Dept. 607 of the Alameda County Superior

24  Court, the Honorable George C. Hernandez, Jr., Judge, presiding, commencing on Friday,

25  September 4, 2009. The Court, having considered the documentary and testamentary evidence

26  presented, the arguments and briefs of counsel and the law, and good cause appearing therefor,

27  issues this Judgment in favor of plaintiff, Philip DiGirolamo, and against defendants Rosalie A.

28

              AMENDED JUDGMENT FOR PLAINTIFF FOLLOWING COURT TRIAL

Pierce and Angelo Christopher DiGirolamo, individually and in his capacity as Trustee of the Joseph Salmeri Trust and each of them.

The Court finds that plaintiff Philip DiGirolamo is a dependent adult, as that term is defined by Welfare & Institutions Code § 15610.23, and that plaintiff is therefore entitled to the rights afforded to him by the Elder Abuse and Dependent Adult Civil Protection Act ("EADACPA"), Welfare & Institutions Code § 15600, et seq., including § 15610.30 and § 15657.5.  The Court further finds that plaintiff is a disabled person, as that term is defined by Civil Code Section 1761(g).

The Court finds that Angelo DiGirolamo was and is the trustee of the Joseph Salmeri Trust (the "Trust"). Rosalie Pierce was the agent of Angelo DiGirolamo under Probate Code § 16401(b). Angelo DiGirolamo is jointly and severally liable for the breaches and tortious acts of Rosalie Pierce due to his actions in directing the agent's performance in refinancing the Monterey property and disbursing proceeds of the Trust; his delegation of fiduciary duties; his failure to exercise prudence in selecting an agent; his failure to review the agent's performance; and his failure to take reasonable steps to compel the agent to carry out the terms of the Trust as they relate to Philip DiGirolamo, a Trust beneficiary.

The Court finds that Rosalie Pierce is also an independent fiduciary of the Philip DiGirolamo due to her parent-child relationship of trust and confidence with the plaintiff; her position as an agent of the trustee; and her admitted role in holding and distributing the assets of the Trust for Philip's benefit.

The Court does not find that defendant, Paul Pierce, was a co-conspirator of Rosalie Pierce and/or Angelo DiGirolamo.  The Court does find that Paul Pierce owed no duty to Plaintiff and breached no duty to Plaintiff.

Nevertheless, because defendant Rosalie Pierce and her husband, Paul Pierce, used some Trust money to purchase, as joint tenants, three houses located at 975 Aster Lane, 1408 Red Bluffs Way and 1565 Reese River, in Fernley, Nevada, Rosalie Pierce and her husband, Paul Pierce, hold title to these three properties as constructive trustee of plaintiff Philip DiGirolamo, subject to Paul Pierce's community property interest, if any, in these three properties.

**AMENDED JUDGMENT FOR PLAINTIFF FOLLOWING COURT TRIAL**

1   The Court does not find by a preponderance of the evidence, that Joseph Salmeri had

2   more than $182,110 in his bank accounts at the time of his death.

3   The Court finds that Angelo DiGirolamo and Rosalie Pierce and each of them, jointly and

4   severally, are liable to plaintiff Philip DiGirolamo for breach of fiduciary duty, failure to

5   distribute trust assets owing to plaintiff, financial abuse of a dependent adult and actual fraud.

6   Defendants Angelo DiGirolamo and Rosalie Pierce are each liable to plaintiff Philip

7   DiGirolamo in the following amounts:

8   (1)    For breach of fiduciary duty in the principal sum of $327,024.39 in economic

9   losses, such sum to be doubled under Probate Code § 859 due to defendants' actions in

10   wrongfully taking, concealing, and/or disposing of property belonging to a beneficiary of a trust,

11   for a total judgment in the amount of $654,048.78 on that claim;

12   (2)    For failure to distribute trust assets owing to Philip DiGirolamo in the principal

13   sum of $327,024.39 such sum to be doubled under Probate Code § 859 for a total judgment in

14   the amount of $654,048.78 on that claim;

15   (3)    For financial abuse of a dependent adult, as defined by Welfare & Institutions

16   Code § 15610.30, in the amount of $327,024.39 in economic losses. The Court does not find by

17   clear and convincing evidence that defendants, and each of them, have engaged in recklessness,

18   oppression, fraud and malice in committing financial abuse under Welfare & Institutions Code §

19   15657.5(b).

20   (4)    For constructive fraud in the principal sum of $327,024.39, such sum to be

21   doubled under Probate Code § 859, for a total judgment in the amount of $654,048.78 on that

22   claim; and

23   (5)    For actual fraud, including intentional fraud, concealment of material facts, and

24   false promise, due to defendants' actions in advising plaintiff that he would only be paid his

25   inheritance if he executed a deed transferring title to the Monterey property to Rosalie Pierce, in

26   falsely advising and promising plaintiff that he would be paid his inheritance upon sale of the

27   Terry Street property, and in falsely advising plaintiff that he would lose his Social Security

28   benefits if he received an inheritance, among other false representations and promises; and due to

**AMENDED JUDGMENT FOR PLAINTIFF FOLLOWING COURT TRIAL**

3

1  defendants' actions in fraudulently concealing facts defendants were obligated to disclose, all of

2  which representations and concealments upon which plaintiff reasonably and justifiably relied,

3  for a judgment in the principal sum of $327,024.39.

4       The Court does not find by clear and convincing evidence that defendants have engaged

5  in oppression, fraud and malice, as defined in Civil Code § 3294(c). Plaintiff is therefore not

6  entitled to recover punitive damages.

7       Welfare & Institutions Code Section 15657.5(a) provides that the Court shall award to

8  plaintiff attorney's fees in any case in which the Court determines that a defendant is liable for

9  financial abuse under Welfare & Institutions Code § 15610.30. In light of defendants' financial

10  abuse of the plaintiff, Philip DiGirolamo is entitled to recover his attorney's fees by post-trial

11  motion.

12       The Court expressly finds that the judgment herein against defendants Angelo

13  DiGirolamo and Rosalie Pierce, and each of them, is for fraud and defalcation of fiduciary

14  duties.

15       Let judgment be entered in favor of plaintiff Philip DiGirolamo, and against defendants

16  Rosalie A. Pierce, and Angelo Christopher DiGirolamo, jointly and severally, in the sum of

17  $654,048.78; and plaintiff shall recover attorney's fees in an amount to be determined by post-

18  trial motion.

19       Plaintiff shall set his motion for recovery of attorney's fees on the Court's Law and

20  Motion Calendar.

21       IT IS SO ORDERED.

22

23  Dated: _____

24                                      _____
    George C. Hernandez, Jr.
    Judge of the Superior Court

25  Approved As To Form:

26

27  _____
    John R. Coniglio

28  Attorney for Defendants, Rosalie A. Pierce,
    Paul Pierce, Angelo Christopher DiGirolamo

**AMENDED JUDGMENT FOR PLAINTIFF FOLLOWING COURT TRIAL**

4